## Anspach, Appellant, *v.* Christman.

*Appeals—Assignments of error—Evidence.*

1. An assignment of error to the admission of evidence, which does not quote the evidence, nor refer to the page of the paper-book where it may be found, will not be considered.

*Promissory notes—Payment—Evidence.*

2. In an action upon a promissory note by an administrator the case is for the jury, and a judgment and verdict for defendant will be sustained where the evidence is conflicting as to whether or not the decedent had delivered the note to the defendant in her lifetime, and there is also evidence tending to show that the defendant had furnished the decedent supplies to a considerable value and had paid money out for her, and that it was the intention of the parties that these matters should be regarded as payment upon the note.

Argued Nov. 12, 1909. Appeal, No. 217, Oct. T., 1909, by plaintiff, from judgment of C. P. Berks Co., Sept. T.,

100        ANSPACH, Appellant, *v.* CHRISTMAN.

Statement of Facts—Opinion of the Court.    [44 Pa. Superior Ct.

1909, No. 31, on verdict for defendant, in case of Wallace M. Anspach, administrator c. t. a. of Elmina Schlaseman, deceased, v. Charles J. Christman. Before Rice, P. J., Henderson, Morrison, Orlady, Head, Beaver and Porter, JJ. Affirmed.

Assumpsit on a promissory note. Before Stevens, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1, 3) rulings on evidence without quoting the evidence admitted; (2) refusal of binding instructions for plaintiff; (4) portion of charge referred to in the opinion of the Superior Court.

*John M. Frame,* with him *D. N. Schaeffer* and *Charles K. Derr,* for appellant.

*W. B. Bechtel,* with him *Wilson S. Rothermel,* for appellee.

Opinion by Porter, J., October 10, 1910:

The first and third specifications of error, respectively, seem to be founded upon exceptions to the admission of certain oral evidence. These specifications violate rule XV of this court in that they do not quote the "testimony or evidence admitted," nor do they "refer to the page of the paper-book where the matter may be found in its regular order in the printed evidence;" they do not even give the names of the witnesses the admission of whose testimony is the subject of complaint. The specifications must, therefore, be disregarded.

The plaintiff was seeking to recover upon a note which in his statement he averred had been made by the defendant, bearing date April 1, 1888, for $600, payable in one year from date thereof, with interest. The statement

averred that the defendant had paid the interest on this note yearly up to April 1, 1903. The statement further averred that the defendant had illegally and fraudulently obtained possession of the note, at the house of the decedent, after her death, without paying the said sum of $600, and had destroyed the note. When the case came to trial the plaintiff did not have the note and could not offer it in evidence, thus making out a prima facie case. He was compelled by oral evidence to establish that the note had been in existence and that the defendant had obtained possession of it under circumstances which did not involve an inference that the debt had been paid, or the claim canceled by the decedent in her lifetime. The evidence at the trial so developed that the right of the plaintiff to recover depended entirely upon the veracity of a single witness, Frank Lightner, who testified that the note in question had not been delivered by the decedent in her lifetime to the defendant, but that he, Lightner, had given the note to the defendant after the death of Elmina Schlaseman. There was a conflict of evidence as to whether a certain visit made by the defendant to the house of Mrs. Schlaseman had occurred before or immediately after her death. Two witnesses testified on behalf of the plaintiff that, upon the day in question, the defendant did not arrive at the house of Mrs. Schlaseman until after she was dead. One witness, who seemed to be disinterested, testified that after the defendant had completed his visit to the house and left, he, the witness, entered the house and there talked to Mrs. Schlaseman, whose intellect at that time seemed to be clear. There was evidence in the case which tended to establish that the defendant had during the lifetime of the deceased yearly furnished her with supplies to a considerable value and on one occasion paid out money for her. This was accompanied by evidence tending to show that it was the intention of the parties that these matters should be regarded as payments upon the note. In view of the evidence contradicting the statement of the wit-

ness Lightner that the visit of the defendant to the house of the deceased had been after her death, it would have been error for the court to give binding instructions in favor of the plaintiff, and the second specification of error is overruled.

The parties, both plaintiff and defendant, tried the case in the court below upon the theory that the right of the plaintiff to recover depended entirely upon whether the note had been surrendered to the defendant by Mrs. Schlaseman in her lifetime, or had been delivered to him by Lightner after her death. The learned judge of the court below, in that part of the charge which is the subject of the fourth specification of error, fairly submitted that question of fact to the jury. There was in this case no contest between the conflicting claims of creditors, and nothing to indicate that Mrs. Schlaseman, in her lifetime, did not have the legal right to make a valid gift of and actually deliver to defendant the note which she held. The effect of what the learned judge said was to impose on the defendant the burden of showing that the note was delivered to him in the lifetime of Mrs. Schlaseman, by her or under her direction. The appellant certainly has no cause to complain of this instruction.

The judgment is affirmed.